UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TULARE GOLF COURSE, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VANTAGE TAG, INC., et al.,<br><br>　　　　　Defendants. | Case No. 1:21-cv-00505-JLT-SKO<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT REQUESTS FOR DISMISSAL**<br><br>(Doc. 38)<br><br>14-DAY DEADLINE |
| ARROW CAPITAL SOLUTIONS, INC.,<br><br>　　　　　Cross-Claimant,<br><br>　　v.<br><br>VANTAGE TAG, INC.,<br><br>　　　　　Cross-Defendant. | |

## I.　BACKGROUND

On May 4, 2021, Plaintiff Tulare Golf Course, LLC ("Tulare Golf Course"), filed a first amended complaint against Defendants Vantage Tag, Inc. ("Vantage Tag"), Arrow Capital Solutions, Inc. ("Arrow Capital Solutions"), and U.S. Bank National Association ("U.S. Bank"). (Doc. 11.) On June 4, 2021, Arrow Capital Solutions filed an answer to the complaint and a cross-claim against Vantage Tag. (Doc. 17.) On July 15, 2021, U.S Bank filed a motion to dismiss

1

pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), and Vantage Tag filed a motion to compel arbitration, or alternatively, for a stay of proceedings.[1]  (Docs. 24, 25.)

On April 6, 2022, Tulare Golf Course and Arrow Capital Solutions filed a request for an order of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2) (the "Request").  (Doc. 38.)  Specifically, Plaintiff Tulare Golf Course requests dismissal without prejudice of Defendant Arrow Capital Solutions from the action, and Arrow Capital Solutions requests dismissal without prejudice of its cross-claim against Vantage Tag. (*See id.*)  The Request indicates that, in September 2021, Tulare Golf Course and Arrow Capital Solutions had prepared a stipulation for voluntarily dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii), in which Tulare Golf Course would dismiss with prejudice its action against Arrow Capital Solutions, and Arrow Capital Solutions would dismiss with prejudice its cross-claim against Vantage Tag.  (*See id.*, Exhibit A.)  All parties except for U.S. Bank signed the stipulation.  (*See id.*)  As Tulare Golf Course and Arrow Capital Solutions were unable to obtain U.S. Bank's signature, they filed the instant Request.  On April 12, 2022, U.S. Bank filed an opposition to the Request (Doc. 40), and the matter was taken under submission on that date (*see* Doc. 39).  For the reasons set forth below, the undersigned will recommend that the Request be granted.

## II.   DISCUSSION

### A.   Legal Standard

Rule 41(a)(2) provides in pertinent part that where a defendant has served an answer or motion for summary judgment, or does not stipulate to a dismissal, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).  "Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." *Id.*  "The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced, [citation], or unfairly affected by dismissal. [Citations.]" *Stevedoring Services of America v. Armilla International B. V.*, 889 F.2d 919, 921 (9th Cir. 1989).

---

[1] Both motions are pending before the presiding district judge.

The decision to grant or deny a motion pursuant to Rule 41(a)(2) is "within the sound discretion of the trial court and may be reviewed only for abuse of that discretion." *Phillips v. Illinois Central Gulf Railroad,* 874 F.2d 984, 986 (9th Cir. 1989).  A court should grant a Rule 41(a)(2) motion for voluntary dismissal unless the defendant will "suffer clear legal prejudice, other than the prospect of a subsequent suit on the same facts." *Id.*  "Legal prejudice" means "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996).

### B. Arrow Capital Solutions' Request for Dismissal

Arrow Capital Solutions requests dismissal without prejudice of its cross-claim against Vantage Tag.  (*See* Doc. 38.)  As no party opposes Arrow Capital Solutions' request (*see* Doc. 38, Exhibit A; Doc. 40 at 4), the undersigned finds that voluntary dismissal pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure will not result in "prejudice to some legal interest, some legal claim, some legal argument." *See Westlands Water Dist.*, 100 F.3d at 96.  Therefore, the undersigned will recommend that Arrow Capital Solutions' request for dismissal be granted.

### C. Tulare Golf Course's Request for Dismissal

Tulare Golf Course requests dismissal without prejudice of its complaint against Arrow Capital Solutions, who does not oppose the request.  (*See* Doc. 38.)  The only objection to Tulare Golf Course's request comes from U.S. Bank.  (*See* Doc. 38, Exhibit A; Doc. 40.)  U.S. Bank, however, does not assert that it will be prejudiced by Arrow Capital Solutions' dismissal from the action.[2]  Rather, U.S. Bank's opposition appears to be procedural.  Specifically, U.S. Bank "objects to the form of dismissal" filed by Tulare Golf Course, asserting that Federal Rule of Civil Procedure 41 ("Rule 41") does not allow piecemeal dismissal of claims.  (*See* Doc. 40 at 2.)  According to U.S. Bank, the proper procedure for dismissal of Arrow Capital Solutions would be for Tulare Golf Course to file an amended complaint pursuant to Federal Rule of Civil Procedure 15, removing Arrow Capital Solutions as a defendant.  (*Id.* (citing, e.g., *Hells Canyon Pres. Council v. U.S. Forest*

---

[2] In its opposition, U.S. Bank indicated that, given its pending motion to dismiss for lack of subject matter jurisdiction, it "hesitated" to sign the September 2021 stipulation (*see* Doc. 38, Exhibit A) "in case U.S. Bank would be considered to have somehow waived its motion to dismiss." (Doc. 40 at 2.)

*Serv.*, 403 F.3d 683, 688 (9th Cir. 2005); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1392 (9th Cir. 1988); *Nelson v. Foster Poultry Farms*, No. 1:21–CV–00222–JLT–BAM, 2022 WL 970776, at *4 (E.D. Cal. Mar. 31, 2022)).

The cases relied upon by U.S. Bank in support of its contention are distinguishable from the instant case. Those cases addressed the propriety of dismissal of some, but not all, claims against a defendant. *See Hells Canyon*, 403 F.3d at 687 ("[W]ithdrawals of individual claims against a given defendant are governed by Fed. R. Civ. P. 15, which addresses amendments to pleadings."); *Ethridge*, 861 F.2d at 1392 (noting that "a plaintiff may not use Rule 41(a)(1)(i) to dismiss, unilaterally, a single claim from a multi-claim complaint," and "Federal Rule of Civil Procedure 15(a) is the appropriate mechanism '[w]here a plaintiff desires to eliminate an issue, or one or more but less than all of several claims, *but without dismissing as to any of the defendants*.' [Citation.]") (emphasis added); *Nelson*, 2022 WL 970776, at *4 ("Rule 41(a) is not the proper mechanism for a plaintiff to dismiss some but not all claims against a particular defendant."). Here, however, Tulare Golf Course is seeking wholesale dismissal of a defendant, Arrow Capital Solutions, from the action. "Federal Rule of Civil Procedure 41 allows plaintiffs voluntarily to dismiss some or all of their claims against some or all defendants." *Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC*, 548 F.3d 738, 748 (9th Cir. 2008); *see, e.g.*, *Jones v. TW & Co.*, No. 1:11–CV–01242–AWI–JLT, 2015 WL 350796, at *1 (E.D. Cal. Jan. 26, 2015) (granting the plaintiff's Rule 41(a)(2) request for dismissal of only one of several defendants); *Shepard v. Tilton*, No. 1:10–CV–00023–DLB PC, 2011 WL 5511851, at *1 (E.D. Cal. Nov. 10, 2011) (same).

Accordingly, the undersigned finds that Tulare Golf Course's request to dismiss Arrow Capital Solutions from the action is properly made pursuant to Rule 41(a)(2). As U.S. Bank has not made a showing of legal prejudice by the dismissal of Arrow Capital Solutions, and no other defendant has made a claim of prejudice, the undersigned will recommend that Tulare Golf Course's request for dismissal be granted. *See, e.g.*, *Fardig v. Hobby Lobby Stores, Inc.*, No. SACV1400561JVSANX, 2014 WL 12694581, at *2 (C.D. Cal. Nov. 10, 2014) ("Voluntary dismissal under 41(a)(2) is granted liberally, provided a party will not suffer legal prejudice.") (citing *Stevedoring Servs. of Am.*, 889 F.2d at 921).

### III.     CONCLUSION AND RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff Tulare Golf Course's request for dismissal without prejudice of its complaint against Defendant Arrow Capital Solutions, and Cross-Claimant Arrow Capital Solutions' request for dismissal without prejudice of its cross-claim against Cross-Defendant Vantage Tag (Doc. 38), be GRANTED.

These findings and recommendation are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen (14) days** of service of this recommendation, any party may file written objections to these findings and recommendation with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:     **April 21, 2022**                           /s/ *Sheila K. Oberto*
                                                        UNITED STATES MAGISTRATE JUDGE