# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TULARE GOLF COURSE, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>VANTAGE TAG, INC., a Canadian business entity of unknown form; ARROW CAPITAL SOLUTIONS, INC., a Texas Corporation; U.S. BANK NATIONAL ASSOCIATION, a Delaware Corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 1:21-cv-00505-JLT-SKO<br><br>ORDER TO SHOW CAUSE CONCERNING SUBJECT MATTER JURISDICTION<br><br>(Doc. 11, 24) |

On May 4, 2021, Tulare Golf Course, LLC filed a first amended complaint (Doc. 11) against Vantage Tag, Inc., Arrow Capital Solutions, Inc., and U.S. Bank National Association. Tulare, Vantage Tag, and Arrow later stipulated to dismiss Arrow from this action, which the Court granted. (Docs. 38, 41, 42.) On July 15, 2021, U.S. Bank filed a motion to dismiss the complaint for lack of subject matter jurisdiction and to dismiss claim six for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). (Doc. 24.) Tulare opposed the motion. (Doc. 28.) Also on July 15, 2021, Vantage Tag filed a motion to compel arbitration. (Doc. 25.) Tulare filed a statement of non-opposition to the motion to compel arbitration (Doc. 32), but U.S. Bank opposed arbitration (Doc. 31).

1

The concerns about subject matter jurisdiction operate as a threshold matter for Tulare's claims. Tulare asserts federal jurisdiction under 28 U.S.C. § 1332(a), which provides jurisdiction over certain actions between citizens of different states. Complete diversity is a requirement of 28 U.S.C. § 1332. Thus, the "citizenship of each plaintiff [must be] diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). For diversity purposes, the citizenship of an individual is "determined by her state of domicile, not her state of residence." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Corporations are citizens of their states of incorporation and their principal places of business. 28 U.S.C. § 1332(c); *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012). A limited liability company is the citizen of every state where its owners or members are citizens, regardless of its state of formation or principal place of business; the citizenship of all of its members must be alleged. *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 611-12 (9th Cir. 2016). The burden of establishing subject matter jurisdiction "rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Romero v. Securus Techs., Inc.*, 216 F. Supp. 3d 1078, 1085 (S.D. Cal. 2016) ("As the party putting the claims before the court, Plaintiffs bear the burden of establishing jurisdiction." (citing *id.*)). "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

In its motion to dismiss, U.S. Bank argues Tulare, a limited liability company, failed to meet its burden to show complete diversity because the first amended complaint does not allege the citizenship of Tulare's members or owners. (Doc. 24-1 at 6.) Tulare merely alleges it is a California company with its principal place of business in Tulare, California, and that "there is diversity of citizenship between all the parties." (Doc. 11 at 1-3, ¶¶ 1, 7.) In response to the motion to dismiss, Tulare argues that it may "allege simply that defendants were diverse to it" and need not provide a factual basis unless U.S. Bank presents "contrary information to rebut the factual allegations of diversity jurisdiction." (Doc. 28 at 4-5.)

"Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter*, 265 F.3d at 857. Tulare relies on *Carolina Casualty Insurance Co. v. Team Equipment, Inc.* to argue it does not

have to identify citizenship of its LLC members or owners. 741 F.3d 1082 (9th Cir. 2014). In *Carolina Casualty*, the Ninth Circuit held the plaintiff's failure to allege defendants' citizenship did not warrant dismissal because the defendants' citizenship was not publicly available information such that plaintiff was unable to it in the complaint. *Id.* at 1087. However, when citizenship information is reasonably ascertainable, such as the plaintiff's *own* citizenship, the complaint must include those allegations to sufficiently plead complete diversity. *See New Amsterdam Coffee & Tea Co., LLC v. Dady*, 2017 WL 8220228, at *2 (C.D. Cal. July 26, 2017) (finding the Ninth Circuit's holding in *Carolina Casualty* distinguishable and did not apply where the plaintiffs deficiently pled "citizenship allegation as to *themselves*" not as to the "*opposing* party or where citizenship information was not reasonably available to it") (emphasis in original)); *see Rutters Group*, Federal Civil Procedure Before Trial, California & 9th Circuit Editions § 2:2039.1, at 2C-10 (2022) ("*Carolina Cas[ualty]*...would seem to be limited to situations where the jurisdictional facts are uniquely in the opposing party's possession and where there is a strong basis for believing that the jurisdictional facts will be forthcoming."). Thus, *Carolina Casualty* is inapplicable.

Because the deficiency of Tulare's pleading arises from information about its *own* citizenship rather than that of an opposing party, its jurisdictional allegations are insufficient. *See Grayson Serv., Inc. v. Crimson Res. Mgmt. Corp.*, 2015 WL 6689261, at *3 (E.D. Cal. Oct. 28, 2015) (granting motion to dismiss where plaintiff's second amendment complaint was "devoid of any mention of the citizenship of the owners of the LLC" because "failure to specify the state citizenship of the parties is fatal to the assertion of diversity jurisdiction"). Although failure to sufficiently plead jurisdiction warrants granting U.S. Bank's motion to dismiss, the Court recognizes that the parties' motions have been pending for approximately a year and a half due to the Court's extensive backlog. To preserve the motions priority within the backlog, the Court issues this order to show cause rather than ruling directly on the motion to dismiss. If Tulare files an amended complaint addressing the issues raised in this order, the Court will turn its attention to the pending motions (Docs. 24, 25) without further delay. This will maintain the present "place in line" for the motions. Accordingly,

1. Within **15 days** of the issuance of this order, Tulare **SHALL** show cause in writing why its claims should not be dismissed for lack of subject matter jurisdiction.
2. Alternatively, within **15 days**, Tulare may either file a second amended complaint that contains allegations addressing the court's jurisdiction and the issues identified in this order or may voluntarily dismiss its claims.

**Failure to comply with this order will result in dismissal with prejudice of all claims due to lack of jurisdiction.**

IT IS SO ORDERED.

Dated:   **February 10, 2023**

UNITED STATES DISTRICT JUDGE