# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TULARE GOLF COURSE, LLC, | Case No. 1:21-cv-00505-JLT-SKO |
| Plaintiff, | **ORDER VACATING HEARING AND GRANTING MOTION TO WITHDRAW AS ATTORNEY FOR DEFENDANT VANTAGE TAG, INC.** |
| v. | |
| VANTAGE TAG, INC., et al., | (Doc. 71) |
| Defendants. | |

## I.  INTRODUCTION

On June 17, 2024, Todd A. Wynkoop, Esq., of McCormick Barstow, LLP ("Attorney Wynkoop"), attorney for Defendant Vantage Tag, Inc. ("Vantage Tag"), filed a motion to withdraw as Vantage Tag's attorney, with supporting declaration. (Doc. 71.) By minute order entered June 18, 2024, the Court directed the parties to file their responses to the motion and replies in support thereof in accordance with E.D. Cal. Local Rule 230. (Doc. 72.) Defendant U.S. Bank National Association ("U.S. Bank") timely filed a statement of non-opposition (Doc. 76), and neither Plaintiff Tulare Golf Course, LLC ("Tulare Golf") nor Vantage Tag have responded (*see* Docket). The matter is therefore deemed unopposed and submitted on the papers, pursuant to Local Rule 230(g), and the hearing set for July 24, 2024, shall be vacated.

Upon consideration of the motion and supporting papers, and for the reasons set forth below, Attorney Wynkoop's motion to withdraw as counsel for Vantage Tag is granted.

## II. BACKGROUND

On March 25, 2021, Tulare Golf initiated this action against Vantage Tag, Arrow Capital Solutions, Inc.[1], and U.S. Bank asserting various dispute of contract claims. (Doc. 1 at 1.) Vantage Tag filed a motion to compel arbitration and to dismiss, or in the alternative, to dismiss all claims on July 15, 2021. (Doc. 25.) On March 21, 2023, the Court granted Vantage Tag's motion to compel arbitration in part as to Tulare and administratively stayed the action "pending the final resolution of arbitration of Tulare [Golf]'s claims against Vantage Tag." (Doc. 58 at 17.)

## III. LEGAL STANDARD

Under Local Rule 182 of the United States District Court for the Eastern District of California, "an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared." E.D. Cal. L.R. 182(d). The rule further provides:

> The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

*Id*. Withdrawal is governed by the California Rules of Professional Conduct (the "Rules of Professional Conduct"). *See Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal). Rule of Professional Conduct 1.16(b)(4) provides that an attorney may request permission to withdraw where "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively." Cal. Rule Prof. Conduct 1.16(b)(4). Rule of Professional Conduct 1.16(d) further instructs that "[a] lawyer shall not terminate a representation until the lawyer has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other [attorney(s)], and complying with paragraph (e)."[2]

---

[1] Arrow, an intermediary assignee of Vantage Tag who subsequently assigned its rights to U.S. Bank, was dismissed from the action. (Doc. 41; Doc. 42.)

[2] Paragraph (e) of Rule 1.16 pertains to returning property and funds to clients.

The decision to grant or deny a motion to withdraw is within the court's discretion. *McNally v. Eye Dog Found. for the Blind, Inc.*, No. 1:09-cv-01184-AWI-SKO, 2011 WL 1087117, at *1 (E.D. Cal. Mar. 24, 2011) (citation omitted).

### IV.    DISCUSSION

**A.    Attorney Wynkoop is Entitled to Withdraw**

Attorney Wynkoop states that he has made "repeated attempts to communicate with Vantage Tag to discuss this litigation and the arbitration" but "has been met not only with silence, but actual rejection of voicemail and Federal Express communications." (Doc. 71-1 at 3. *See also* Doc. 71-2 ¶¶ 10–13.) According to Attorney Wynkoop, "Vantage Tag's unwillingness to engage with [him] in any way has precluded [him] from making critical decisions necessary to the representation, including with regard to selection of an arbitrator." (*Id*. *See also* Doc. 71-2 ¶ 14.) It is Vantage Tag's refusal to communicate with Attorney Wynkoop that "makes representation impossible." (*Id*.)

First, Attorney Wynkoop has complied with this Court's Local Rule 182(d). He informed Vantage Tag via U.S. Mail of the filing of the motion to withdraw (Doc. 71-2 ¶ 15), and a copy was served on June 19, 2024 (*see* Doc. 75). His declaration also includes the last known addresses of Vantage Tag, as required. (Doc. 71-2 ¶ 16.)

Next, Attorney Wynkoop has demonstrated the substantive requirements for withdrawal under the Rules of Professional Conduct. Attorney Wynkoop states that the withdrawal is the result of "Vantage Tag's unwillingness to engage with [him] in any way" that, as described, "makes representation impossible." *See* Cal. Rule of Prof. Conduct 1.16(b)(4). *See also Williams v. Troehler*, No. 1:08–cv–01523–OWW–GSA, 2010 WL 11570438, at *2 (E.D. Cal. June 23, 2010) ("Some courts have found that a client's inability to get along and cooperate with counsel may justify an attorney's withdrawal.") (listing cases finding failure to cooperate is grounds for withdrawal).

The Court also finds Attorney Wynkoop has taken reasonable steps to avoid reasonably foreseeable prejudice to Vantage Tag's rights in accordance with Rule of Professional Conduct 1.16(d). As set forth above, Attorney Wynkoop provided Vantage Tag with notice of his intent to

withdraw by serving a copy of the motion and informed it of the opposition and hearing deadlines. (*See* Doc. 71-2 at 15; Doc. 75.)

Finally, with respect to whether the parties will be prejudiced by the withdrawal, the Court observes that Vantage Tag's co-defendant U.S Bank has filed a notice of non-opposition to the motion (Doc. 76), and neither Plaintiff Tulare Golf nor Vantage Tag responded (*see* Docket). Furthermore, there will be no resultant delay in the adjudication of this matter as this case is currently stayed pending arbitration. (*See* Doc. 58.)

For the reasons set forth above, the Court shall grant the motion to withdraw.

**B.     Notice to Vantage Tag**

**Defendant Vantage Tag, Inc. is advised that, as a corporate entity, it is required to obtain new counsel, or it will be subject to entry of default judgment.** "[A] corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993); *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam); *see also* E.D. Cal. L.R. 1983(a); *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004) ("It is a longstanding rule that '[c]orporations and other unincorporated associations must appear in court through an attorney.'" (quoting *Licht v. Am. W. Airlines (In re Am. W. Airlines)*, 40 F.3d 1058, 1059 (9th Cir. 1994))). All artificial entities must appear in federal court through counsel. *Rowland*, 506 U.S. at 202. A corporation's failure to appear by counsel may result in action by the court to strike the corporation's pleadings and subject it to entry of default judgment. *See Emp. Painters' Trust v. Ethan Enterprises, Inc.*, 480 F.3d 993, 998 (9th Cir. 2007) ("[W]e have recognized default as a permissible sanction for failure to comply with local rules requiring representation by counsel."); *U.S. v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (affirming default judgment against corporation that failed to comply with court order requiring it to retain counsel); *Arvik Platinum, Inc. v. DM & Associates, Inc.*, 2:11-CV-01240-GMN, 2012 WL 6021330, at *1-2 (D. Nev. Dec. 3, 2012) (granting motion to strike answer and counterclaim where Defendants, a corporation and an LLC, failed to comply with order requiring them to obtain counsel).

As such, Defendant Vantage Tag, Inc. is informed that their failure to obtain counsel may

4

result in entry of default judgment against it. *See Emp. Painters' Trust*, 480 F.3d at 998; *High Country Broad. Co., Inc.*, 3 F.3d at 1245; *Arvik Platinum, Inc.*, 2012 WL 6021330, at *1-2. **Accordingly, Defendant Vantage Tag, Inc. should seek and retain new counsel <u>immediately</u>.**

### V. CONCLUSION AND ORDER

Considering Attorney Wynkoop's reasons for withdrawal, the absence of prejudice to the parties, the absence of harm to the administration of justice, and the absence of potential delay, Attorney Wynkoop's motion to withdraw as attorney for Defendant Vantage Tag, Inc. (Doc. 71) is GRANTED. The hearing set for July 24, 2024, is VACATED.

The Clerk of Court is ORDERED to RELIEVE Todd A. Wynkoop, Esq., of McCormick Barstow, LLP as attorney for Defendant Vantage Tag, Inc. **<u>Within five (5) business days of the date of this order</u>**, Attorney Wynkoop SHALL send to Vantage Tag via U.S. mail all client materials and fees advanced in accordance with Rule of Professional Conduct 1.16(e), if not already done so.

The Clerk of Court SHALL serve a copy of this order via U.S. Mail on Defendant Vantage Tag, Inc. at the following addresses: (1) 312-2030 Canyon Road, Surry, BC, V3Z 6T3, CANADA; (2) 214-5455 152nd Street, Surrey BC V3S 5A5, CANADA; and (3) 15272 Croydon Drive Suite 207, Surrey, BC V3Z 0Z5, CANADA.

IT IS SO ORDERED.

Dated:  **July 3, 2024**                                         /s/ *Sheila K. Oberto*
                                                                                    UNITED STATES MAGISTRATE JUDGE