**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TULARE GOLF COURSE, LLC, a California Limited Liability Company, <br><br>     Plaintiff, <br><br>     v. <br><br> VANTAGE TAG, INC., a Canadian business entity of unknown form; ARROW CAPITAL SOLUTIONS, INC., a Texas corporation; U.S. BANK NATIONAL ASSOCIATION, a Delaware Corporation, and DOES 1 through 10, inclusive, <br><br>     Defendants. | Case No. 1:21-cv-00505-JLT-EGC <br><br> ORDER GRANTING MOTION TO CONFIRM ARBITRATION AWARD AND ENTER JUDGMENT <br><br> (Doc. 91) |

## I.   BACKGROUND

On March 25, 2021, Tulare Golf Course, a California limited company, initiated this action against, *inter alia*, Vintage Tag, a Canadian business entity. (Doc. 1.)[1] In the Second Amended Complaint, Plaintiff raises the following causes of action: (1) breach of contraction and rejection of non-conforming goods; (2) breach of express warranty; (3) breach of implied warranty of merchantability and fitness; (4) fraud; and (5) equitable indemnification; and (6) declaratory relief. (*See generally* Doc. 52.)

On March 21, 2023, the Court granted Defendant's motion to compel arbitration as to Plaintiff Tulare Golf Course and stayed the case pending final resolution of arbitration. (Doc. 58.) On April 9, 2025, Arbitrator Rebecca Callahan signed the Final Award. (Doc. 91-4.)

On December 3, 2025, Defendant filed the instant motion to confirm arbitration award and

---

[1] All other parties have since been dismissed from the instant action. (Docs. 42, 90.)

1

enter judgment. (*See generally* Doc. 91-1.) Plaintiff has not filed an opposition or notice of non-opposition.

For the reasons set forth below, the Court **GRANTS** the instant motion.

## II.    CONFIRMATION OF THE ARBITRATION AWARD

### A. Legal Standard

Under the Federal Arbitration Act, a party to an arbitration agreement that has "agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration . . . may apply to the court so specified for an order confirming the award." 9 U.S.C. § 9. The party must apply for a motion to confirm "within one year after the award is made." Id. A court "must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11" of the FAA. *Id.* "The only bases to vacate [or modify] an award are: (1) fraud or corruption in procuring the award; (2) partiality or corruption of the arbitrator; (3) arbitrator misconduct prejudicing a party; (4) the arbitrator exceeded his power; or (5) evident material mistake or miscalculation in the award." *Millan v. Chase Bank USA, N.A.*, 533 F. Supp. 2d 1061, 1068 (C.D. Cal. 2008) (citing 9 U.S.C. §§ 10, 11); *see also Bosack v. Soward*, 586 F.3d 1096, 1104 (9th Cir. 2009) ("Arbitrators exceed their powers when they express a manifest disregard of law, or when they issue an award that is completely irrational." (citation and quotation marks omitted)). Stated differently, the court may only vacate, modify, or correct the award if there is a technical error, any or all of the award is not subject to arbitration, or the award "evidences affirmative misconduct in the arbitral process or the final result that is completely irrational or exhibits a manifest disregard for the law." *See Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 997 (9th Cir. 2003); *see also* 9 U.S.C. §§ 10–11. "[T]hese standards are highly deferential to the arbitrator." *Johnson v. Wells Fargo Home Mortg., Inc.*, 635 F.3d 401, 414 (9th Cir. 2011).

### B. Discussion

Defendant filed the motion to confirm within one year of the issuance of the arbitration award. (Doc. 91-1 at 4.) The Court finds no obvious indication of technical errors, issues beyond the scope of arbitration, affirmative misconduct, or an arbitral process or result that is irrational or

disregards the law. Further, Plaintiff did not file any opposition to Defendant's motion and appears not to contest its validity. In light of these factors and the high level of deference courts give to the Arbitrator, the Court **GRANTS** Defendant's motion to confirm the arbitration award.

### III.   INTEREST

Additionally, Defendant seeks two forms of interest on the award: (1) post-award, pre-judgment interest, and (2) post-judgment interest. In general, post-award, pre-judgment interest is governed by state law. *Northrop Corp. v. Triad Int'l Marketing*, 842 F.2d 1154, 1155 (9th Cir. 1998). Under California Civil Code § 3287, Defendant "is entitled to post-award prejudgment interest as a matter of right." *Riley v. QuantumScape Corp.*, No. 22-cv-03871-BLF, 2023 WL 1475092 (N.D. Cal. February 2, 2023) (citing *Pierotti v. Torian*, 81 Cal. App. 4th 17 (Cal. Ct. App. 2000)). "[O]nce an arbitration award is confirmed in federal court, the rate specified in [28 U.S.C.] § 1961 applies." *Fid. Fed. Bank, F.S.B. v. Durga Ma Corp.*, 387 F.3d 1021, 1024 (9th Cir. 2004) (citation omitted). The request for post-award, prejudgment interest and the request for post-judgment interest are **GRANTED**.

### IV.   CONCLUSION

Based upon the foregoing, the Court **ORDERS**:

(1) Defendant's motion to confirm arbitration award and enter judgment (Doc. 155) is **GRANTED** and the action is **DISMISSED** with **PREJUDICE**.

(2) The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **May 11, 2026**

_____
UNITED STATES DISTRICT JUDGE